JUDGE CROTTY

UNITED STATES DISTRICT COURT **13 CIV 5109**
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
TIANA LaSALLE,

|  |  |  |
|---|---|---|
|  | Plaintiff, | **COMPLAINT** |
|  |  | Jury Demand |

- against -

CITY OF NEW YORK,
CITY OF NEW YORK OFFICE OF CHIEF MEDICAL
EXAMINER,
NEW YORK CITY DEPARTMENT OF
HEALTH AND MENTAL HYGIENE,
NEW YORK CITY DEPARTMENT OF
HEALTH AND MENTAL HYGIENE OFFICE
OF CHIEF MEDICAL EXAMINERS,
ROBERT KEARNEY,
SHEPERIO HAWKINS,
ARTHUR AARONSON, and
THOMAS ORTIZ, each being sued in their individual
and professional capacities,

RECEIVED
JUL 23 2013
U.S.D.C. S.D.N.Y.
CASHIERS

Defendants.
------------------------------------------------------------------------X

Plaintiff, TIANA LaSALLE, by her attorneys CRONIN & BYCZEK, LLP, complaining

of defendants CITY OF NEW YORK, CITY OF NEW YORK OFFICE OF CHIEF MEDICAL

EXAMINER, NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE,

NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE OFFICE OF

CHIEF MEDICAL EXAMINERS, ROBERT KEARNEY, SHEPERIO HAWKINS, ARTHUR

AARONSON and THOMAS ORTIZ, each being sued in their individual and official capacities

as an employee of the CITY, allege, upon information and belief, that:

## NATURE OF ACTION

1. This is an action for equitable relief and money damages on behalf of plaintiff TIANA

    LaSALLE, (hereinafter referred to as "Plaintiff") who was, and who is prospectively

    deprived of her statutory and constitutional rights as a result of the defendants' policies and

1

practices of discrimination based upon her race, gender, color, disability and retaliation. Said policies were implemented under color of law.

### JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343 and 2202 to secure protection of and to redress deprivation of rights secured by:

   a. Title VII of the Civil Rights Act of 1964 (hereinafter referred to as "Title VII") providing for injunctive and other relief against discrimination in employment on the basis of race, gender, color and disability;

   b. The Pregnancy Discrimination Act of Title VII of the Civil Rights Act of 1964 (hereinafter referred to as "Pregnancy Discrimination Act") providing for injunctive and other relief against discrimination in employment on the basis of pregnancy;

   c. The Civil Rights Act of 1871, 42 U.S.C. § 1983, providing for the protection of all persons in their civil rights and the redress of deprivation of rights under color of law;

   d. The unlawful employment practices, violations of plaintiff's civil rights and tortious acts complained of herein were committed within the Southern District of New York.

3. The pendent jurisdiction of the federal district court is invoked with respect to the plaintiff's claims under New York State Executive Law § 296; and New York City Administrative Code § 8-502 and § 8-102, pursuant to 28 U.S.C. § 1367, because the entire action before the court comprises one constitutional and civil rights case, and the claims arise out of the same common nucleus of facts and are such that the plaintiff would ordinarily be expected to try them in one judicial proceeding.

## PLAINTIFF

4.  Plaintiff is a female African American citizen of the United States of America and is over twenty-one (21) years of age, a resident of Suffolk County and the State of New York and is an employee of defendant CITY OF NEW YORK (hereinafter referred to as the "CITY") more specifically the CITY OF NEW YORK OFFICE OF CHIEF MEDICAL EXAMINER, (hereinafter referred to as the "OCME"). For the purposes of this litigation, OCME may be used interchangeably with Defendant CITY to identify the employer which is Defendant CITY.

## DEFENDANTS

5.  Defendant CITY OF NEW YORK ("CITY") is a municipal entity created and authorized under the laws of the CITY and State of New York. CITY is authorized by law to maintain a Department of Health and Mental Hygiene ("DOH") that acts as its agent and for which it is ultimately responsible.

6.  Defendant CITY is an employer as defined in Title VII, employing more than fifteen (15) employees, and is engaged in an industry affecting commerce.

7.  Defendant CITY OF NEW YORK OFFICE OF CHIEF MEDICAL EXAMINER ("OCME") is an independent subdivision of Defendant NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE and maintains control offices at 520 First Avenue, New York, New York.

8.  Defendant NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE ("DOH") operates under the direct authority of the CITY and is the official CITY agency and maintains control offices at 125 Worth Street, New York, New York.

9. Defendant NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE OFFICE OF CHIEF MEDICAL EXAMINERS ("OCME") is an independent subdivision of Defendant NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE and maintains control offices at 520 First Avenue, New York, New York.

10. Defendant ROBERT KEARNEY ("KEARNEY"), a white male, was at all relevant times Director of Mortuary Services at the New York City Department of Health and Mental Hygiene Office of Chief Medical Examiners and is acting in such capacity at all times relevant herein.  Defendant KEARNEY was at all relevant times Plaintiff's supervisor and is sued in his individual and official capacity.

11. Defendant SHEPERIO HAWKINS ("HAWKINS"), a white male, was at all relevant times Fleet Manager at the New York City Department of Health and Mental Hygiene Office of Chief Medical Examiners and is acting in such capacity at all times relevant herein.  Defendant HAWKINS was at all relevant times Plaintiff's supervisor and is sued in his individual and official capacity.

12. Defendant ARTHUR AARONSON("AARONSON"), a white male, was at all relevant times Deputy Commissioner for Administration at the New York City Department of Health and Mental Hygiene Office of Chief Medical Examiners and is acting in such capacity at all times relevant herein.  Defendant AARONSON was at all relevant times Plaintiff's supervisor and is sued in his individual and official capacity.

13. Defendant THOMAS ORTIZ ("ORTIZ"), a male, was at all relevant times Senior Motor Vehicle Supervisor at the New York City Department of Health and Mental Hygiene Office of Chief Medical Examiners and is acting in such capacity at all times relevant

herein.  Defendant ORTIZ was at all relevant times Plaintiff's supervisor and is sued in his individual and official capacity.

## PROCEDURAL REQUIREMENTS

14. Plaintiff has filed suit with this Court within the applicable statute of limitations period.

15. Plaintiff is not required to exhaust any administrative procedures prior to suit under the Civil Rights Act of 1871.

16. On or about June 11, 2012, Plaintiff submitted a dual-filing with the New York State Division of Human Rights and the EEOC under charge number 16F-2012-00190C.

17. On or about April 24, 2013, Plaintiff received a Notice of Right to Sue letter (Exhibit A) from the EEOC.

## FACTUAL BACKGROUND

18. Plaintiff LaSALLE is a Hispanic female who complained of race, gender, color and disability discrimination, harassment and retaliation. Said information was known to all defendants.

19. Plaintiff LaSALLE is employed by the CITY OF NEW YORK, CITY OF NEW YORK OFFICE OF CHIEF MEDICAL EXAMINER. Her date of appointment was January 21, 2002.

20. On or about June 11, 2007, Plaintiff was promoted to Motor Vehicle Operator ("MVO").

21. Plaintiff has been subjected to a continuing pattern and practice of discrimination and hostile work environment based upon her race, gender, color and disability and in retaliation for complaining about defendants' discriminatory actions and other wrongdoings.

22. Plaintiff asserts that the defendants engage in a pattern and practice of discrimination against Hispanics and other minority officers and against women.

23. In or around 2008, Plaintiff informed Defendant KEARNEY that she was pregnant, at which point he ceased assigning her to the morgue van.

24. In or around early June 2009, Wendell Davidson, Supervisor for Technicians, called Plaintiff a "dirty bitch" or words to that effect.

25. A few days thereafter, Defendant KEARNEY, Davidson's supervisor, asked Plaintiff not to report Davison to Defendant OCME's Human Resources Department because he would deal with the situation himself.

26. In or around mid-June 2009, Plaintiff made a complaint against Mr. Davidson to Defendant OCME's Human Resources Department.

27. In or around November 2011, Plaintiff provided Defendant HAWKINS with a doctor's note stating that she was pregnant.

28. In or about December 2011, Plaintiff told Defendant HAWKINS that she could not lift more than forty-five pounds because she was pregnant.

29. At least twice during that same month Plaintiff specifically requested to Defendant HAWKINS that she not be assigned to the morgue van since that assignment would require her to lift more than forty-five pounds.

30. On two separate occasions during that month, Plaintiff also told Defendant KEARNEY that she was unable to work the morgue van due to her pregnancy. Despite the foregoing, Defendants KEARNEY and HAWKINS continued to assign Plaintiff to the morgue van approximately two days per week.

31. On or about January 9, 2012, while assigned to the morgue van, Plaintiff was injured while transporting a cadaver.

32. From about January 10, 2012, and continuing until on or about June 10, 2012, Defendants denied Plaintiff medical insurance, despite her being on medical leave at the time.

33. On or about April 10, 2012, Plaintiff provided Defendants with a doctor's note stating that she could return to work so long as she was not required to lift more than twenty-five pounds.

34. On or about April 13, 2012, Defendant AARONSON told Plaintiff that he could not accommodate her because no "light duty" assignments were available.

35. On or about April 20, 2012, Plaintiff's advocate, Arthur Z. Schwartz, Esq., from the Advocates for Justice, sent Defendants a letter repeating Plaintiff's request for an accommodation.

36. From on or about April 25, 2012, and continuing until on or about May 31, 2012, Defendants requested more specifics from Mr. Schwartz about Plaintiff's accommodation request to explore how they could accommodate her.

37. On or about June 1, 2012, Mr. Schwartz was forced to threaten legal action against Defendants, because Plaintiff had still not been provided with a reasonable accommodation or medical insurance.

38. Finally, on or about June 4, 2012, Defendants first offered Plaintiff an accommodation.

39. On or about June 10, 2012, Plaintiff returned to work, with the accommodation of not having to lift more than twenty-five pounds and not changing tires or wheels for a six-week period.

40. Defendant ORTIZ has called Plaintiff "bitch" as well as other derogatory and/or sexist names.

41. Defendant ORTIZ also habitually spoke to Plaintiff's co-workers about her personal life, including saying "she's getting a divorce so go for it" and "anybody can get her ass."

42. On or about May 19, 2013, Plaintiff was involved in a car accident in which she suffered a pinched nerve in her neck. Plaintiff provided Defendants with a doctor's note but Human Resources told her that the note was "not good enough" and that she had to request an extension.

43. As a result of the failure to grant a reasonable accommodation, Plaintiff suffered damage in that she was unpaid during eight months of her pregnancy. Additionally, Plaintiff was without medical insurance during her pregnancy because Defendants refused to provide her with same.

## VIOLATIONS AND CLAIMS ALLEGED

### COUNT I
### RACE DISCRIMINATION IN VIOLATION OF
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

44. Plaintiff re-alleges paragraphs 1 through 43 and incorporates them by reference as paragraphs 1 through 43 of Count I of this Complaint.

45. Plaintiff alleges that defendant CITY through its agents engaged in a pattern and practice of discrimination against her with respect to the terms, conditions and privileges of employment because of the plaintiff's race in violation of 42 U.S.C. § 2000e-2.

46. As a result of the acts of defendants under color of law, plaintiff suffered emotional distress, humiliation and embarrassment, medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

## COUNT II
### GENDER DISCRIMINATION IN VIOLATION OF
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

47. Plaintiff re-alleges paragraphs 1 through 46 and incorporates them by reference as paragraphs 1 through 46 of Count II of this Complaint.

48. Plaintiff alleges that defendant CITY through its agents engaged in a pattern and practice of discrimination against her with respect to the terms, conditions and privileges of employment because of the plaintiff's gender in violation of 42 U.S.C. § 2000e-2.

49. As a result of the acts of defendants under color of law, plaintiff suffered emotional distress, humiliation and embarrassment, medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

## COUNT III
### COLOR DISCRIMINATION IN VIOLATION OF
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

50. Plaintiff re-alleges paragraphs 1 through 49 and incorporates them by reference as paragraphs 1 through 49 of Count III of this Complaint.

51. Plaintiff alleges that defendant CITY through its agents engaged in a pattern and practice of discrimination against her with respect to the terms, conditions and privileges of employment because of the plaintiff's color in violation of 42 U.S.C. § 2000e-2.

52. As a result of the acts of defendants under color of law, plaintiff suffered emotional distress, humiliation and embarrassment, medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

## COUNT IV
### DISABILITY DISCRIMINATION IN VIOLATION OF
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

53. Plaintiff re-alleges paragraphs 1 through 52 and incorporates them by reference as paragraphs 1 through 52 of Count IV of this Complaint.

54. Plaintiff alleges that defendant CITY through its agents engaged in a pattern and practice of discrimination against her with respect to the terms, conditions and privileges of employment because of the plaintiff's disability in violation of 42 U.S.C. § 2000e-2. As a result of the acts of defendants under color of law, plaintiff suffered emotional distress, humiliation and embarrassment, medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

## COUNT V
### RETALIATION IN VIOLATION OF
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

55. Plaintiff re-alleges paragraphs 1 through 54 and incorporates them by reference as paragraphs 1 through 54 of Count V of this Complaint.

56. Plaintiff alleges that defendant CITY through its agents engaged in various retaliatory actions against plaintiff as a result of her opposition to race, gender, color and disability discrimination and as a result of her filing such complaints with defendants and the EEOC, in violation of 42 U.S.C. § 2000e-3(a).

57. That as a result of the illegal acts of Defendant CITY through its agents, plaintiff suffered depression and anxiety.

## COUNT VI
### RACE DISCRIMINATION IN VIOLATION OF
### THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

58. Plaintiff re-alleges paragraphs 1 through 57 and incorporates them by reference as paragraphs 1 through 57 of Count VI of this Complaint.

59. Defendants CITY OF NEW YORK, CITY OF NEW YORK OFFICE OF CHIEF

MEDICAL EXAMINER, NEW YORK CITY DEPARTMENT OF HEALTH AND

MENTAL HYGIENE, NEW YORK CITY DEPARTMENT OF HEALTH AND

MENTAL HYGIENE OFFICE OF CHIEF MEDICAL EXAMINERS, ROBERT

KEARNEY, SHEPERIO HAWKINS, ARTHUR AARONSON and THOMAS ORTIZ,

under color of law, personally interfered with and deprived plaintiff of her constitutional

rights, including the rights: to enjoy freedom of speech, to petition her government for

redress of her grievances, to be secure in her person, to enjoy privacy, to be free from

deprivation of life, liberty, and property without due process of law.

60. Defendants ROBERT KEARNEY, SHEPERIO HAWKINS, ARTHUR AARONSON and

THOMAS ORTIZ,  acting individually and in their official capacities as public officials

of defendant CITY under color of law, and having been fully advised that plaintiff was

being deprived of her constitutional rights, either acted in a concerted, malicious

intentional pattern to further discriminate against plaintiff, or knowing such

discrimination was taking place, knowingly omitted to act to protect plaintiff from

continuing deprivations of her rights to enjoy freedom of speech, to petition her

government for redress of her grievances, to be secure in her person, to enjoy privacy, to

be free from deprivation of life, liberty, and property without due process of law, all in

violation of 42 U.S.C. § 1983.

61. Defendants CITY OF NEW YORK, CITY OF NEW YORK OFFICE OF CHIEF

MEDICAL EXAMINER, NEW YORK CITY DEPARTMENT OF HEALTH AND

MENTAL HYGIENE, NEW YORK CITY DEPARTMENT OF HEALTH AND

MENTAL HYGIENE OFFICE OF CHIEF MEDICAL EXAMINERS, ROBERT

KEARNEY, SHEPERIO HAWKINS, ARTHUR AARONSON and THOMAS ORTIZ, in acting to deprive plaintiff's rights, acted intentionally, knowingly, willfully, and with gross disregard of plaintiff's rights.

62. As a result of the acts of the defendants CITY OF NEW YORK, CITY OF NEW YORK OFFICE OF CHIEF MEDICAL EXAMINER, NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE, NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE OFFICE OF CHIEF MEDICAL EXAMINERS, ROBERT KEARNEY, SHEPERIO HAWKINS, ARTHUR AARONSON and THOMAS ORTIZ, under color of law, plaintiff suffered emotional distress, monetary damage, and incurred medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

## COUNT VII
### GENDER DISCRIMINATION IN VIOLATION OF
### THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

63. Plaintiff re-alleges paragraphs 1 through 62 and incorporates them by reference as paragraphs 1 through 62 of Count VII of this Complaint.

64. Defendants CITY OF NEW YORK, CITY OF NEW YORK OFFICE OF CHIEF MEDICAL EXAMINER, NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE, NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE OFFICE OF CHIEF MEDICAL EXAMINERS, ROBERT KEARNEY, SHEPERIO HAWKINS, ARTHUR AARONSON and THOMAS ORTIZ, under color of law, personally interfered with and deprived plaintiff of her constitutional rights, including the rights: to enjoy freedom of speech, to petition her government for redress of her grievances, to be secure in her person, to enjoy privacy, to be free from

deprivation of life, liberty, and property without due process of law.

65. Defendants ROBERT KEARNEY, SHEPERIO HAWKINS, ARTHUR AARONSON and
THOMAS ORTIZ,  acting individually and in their official capacities as public officials
of defendant CITY under color of law, and having been fully advised that plaintiff was
being deprived of her constitutional rights, either acted in a concerted, malicious
intentional pattern to further discriminate against plaintiff, or knowing such
discrimination was taking place, knowingly omitted to act to protect plaintiff from
continuing deprivations of her rights to enjoy freedom of speech, to petition her
government for redress of her grievances, to be secure in her person, to enjoy privacy, to
be free from deprivation of life, liberty, and property without due process of law, all in
violation of 42 U.S.C. § 1983.

66. Defendants CITY OF NEW YORK, CITY OF NEW YORK OFFICE OF CHIEF
MEDICAL EXAMINER, NEW YORK CITY DEPARTMENT OF HEALTH AND
MENTAL HYGIENE, NEW YORK CITY DEPARTMENT OF HEALTH AND
MENTAL HYGIENE OFFICE OF CHIEF MEDICAL EXAMINERS, ROBERT
KEARNEY, SHEPERIO HAWKINS, ARTHUR AARONSON and THOMAS ORTIZ, in
acting to deprive plaintiff's rights, acted intentionally, knowingly, willfully, and with
gross disregard of plaintiff's rights.

67. As a result of the acts of the defendants CITY OF NEW YORK, CITY OF NEW YORK
OFFICE OF CHIEF MEDICAL EXAMINER, NEW YORK CITY DEPARTMENT OF
HEALTH AND MENTAL HYGIENE, NEW YORK CITY DEPARTMENT OF
HEALTH AND MENTAL HYGIENE OFFICE OF CHIEF MEDICAL EXAMINERS,
ROBERT KEARNEY, SHEPERIO HAWKINS, ARTHUR AARONSON and THOMAS

ORTIZ, under color of law, plaintiff suffered emotional distress, monetary damage, and incurred medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

## COUNT VIII
### COLOR DISCRIMINATION IN VIOLATION OF
### THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

68. Plaintiff re-alleges paragraphs 1 through 67 and incorporates them by reference as paragraphs 1 through 67 of Count VIII of this Complaint.

69. Defendants CITY OF NEW YORK, CITY OF NEW YORK OFFICE OF CHIEF MEDICAL EXAMINER, NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE, NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE OFFICE OF CHIEF MEDICAL EXAMINERS, ROBERT KEARNEY, SHEPERIO HAWKINS, ARTHUR AARONSON and THOMAS ORTIZ, under color of law, personally interfered with and deprived plaintiff of her constitutional rights, including the rights: to enjoy freedom of speech, to petition her government for redress of her grievances, to be secure in her person, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law.

70. Defendants ROBERT KEARNEY, SHEPERIO HAWKINS, ARTHUR AARONSON and THOMAS ORTIZ,  acting individually and in their official capacities as public officials of defendant CITY under color of law, and having been fully advised that plaintiff was being deprived of her constitutional rights, either acted in a concerted, malicious intentional pattern to further discriminate against plaintiff, or knowing such discrimination was taking place, knowingly omitted to act to protect plaintiff from continuing deprivations of her rights to enjoy freedom of speech, to petition her

government for redress of her grievances, to be secure in her person, to enjoy privacy, to

be free from deprivation of life, liberty, and property without due process of law, all in

violation of 42 U.S.C. § 1983.

71. Defendants CITY OF NEW YORK, CITY OF NEW YORK OFFICE OF CHIEF

MEDICAL EXAMINER, NEW YORK CITY DEPARTMENT OF HEALTH AND

MENTAL HYGIENE, NEW YORK CITY DEPARTMENT OF HEALTH AND

MENTAL HYGIENE OFFICE OF CHIEF MEDICAL EXAMINERS, ROBERT

KEARNEY, SHEPERIO HAWKINS, ARTHUR AARONSON and THOMAS ORTIZ, in

acting to deprive plaintiff's rights, acted intentionally, knowingly, willfully, and with

gross disregard of plaintiff's rights.

72. As a result of the acts of the defendants CITY OF NEW YORK, CITY OF NEW YORK

OFFICE OF CHIEF MEDICAL EXAMINER, NEW YORK CITY DEPARTMENT OF

HEALTH AND MENTAL HYGIENE, NEW YORK CITY DEPARTMENT OF

HEALTH AND MENTAL HYGIENE OFFICE OF CHIEF MEDICAL EXAMINERS,

ROBERT KEARNEY, SHEPERIO HAWKINS, ARTHUR AARONSON and THOMAS

ORTIZ, under color of law, plaintiff suffered emotional distress, monetary damage, and

incurred medical and legal expenses, and out of pocket expenses for telephone, postage,

and other costs of pursuing the claims herein.

**COUNT IX**
**DISABILITY DISCRIMINATION IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983**

73. Plaintiff re-alleges paragraphs 1 through 72 and incorporates them by reference as

paragraphs 1 through 72 of Count IX of this Complaint.

74. Defendants CITY OF NEW YORK, CITY OF NEW YORK OFFICE OF CHIEF

MEDICAL EXAMINER, NEW YORK CITY DEPARTMENT OF HEALTH AND

MENTAL HYGIENE, NEW YORK CITY DEPARTMENT OF HEALTH AND

MENTAL HYGIENE OFFICE OF CHIEF MEDICAL EXAMINERS, ROBERT

KEARNEY, SHEPERIO HAWKINS, ARTHUR AARONSON and THOMAS ORTIZ,

under color of law, personally interfered with and deprived plaintiff of her constitutional

rights, including the rights: to enjoy freedom of speech, to petition her government for

redress of her grievances, to be secure in her person, to enjoy privacy, to be free from

deprivation of life, liberty, and property without due process of law.

75. Defendants ROBERT KEARNEY, SHEPERIO HAWKINS, ARTHUR AARONSON and

THOMAS ORTIZ,  acting individually and in their official capacities as public officials

of defendant CITY under color of law, and having been fully advised that plaintiff was

being deprived of her constitutional rights, either acted in a concerted, malicious

intentional pattern to further discriminate against plaintiff, or knowing such

discrimination was taking place, knowingly omitted to act to protect plaintiff from

continuing deprivations of her rights to enjoy freedom of speech, to petition her

government for redress of her grievances, to be secure in her person, to enjoy privacy, to

be free from deprivation of life, liberty, and property without due process of law, all in

violation of 42 U.S.C. § 1983.

76. Defendants CITY OF NEW YORK, CITY OF NEW YORK OFFICE OF CHIEF

MEDICAL EXAMINER, NEW YORK CITY DEPARTMENT OF HEALTH AND

MENTAL HYGIENE, NEW YORK CITY DEPARTMENT OF HEALTH AND

MENTAL HYGIENE OFFICE OF CHIEF MEDICAL EXAMINERS, ROBERT

KEARNEY, SHEPERIO HAWKINS, ARTHUR AARONSON and THOMAS ORTIZ, in

acting to deprive plaintiff's rights, acted intentionally, knowingly, willfully, and with gross disregard of plaintiff's rights.

77. As a result of the acts of the defendants CITY OF NEW YORK, CITY OF NEW YORK OFFICE OF CHIEF MEDICAL EXAMINER, NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE, NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE OFFICE OF CHIEF MEDICAL EXAMINERS, ROBERT KEARNEY, SHEPERIO HAWKINS, ARTHUR AARONSON and THOMAS ORTIZ, under color of law, plaintiff suffered emotional distress, monetary damage, and incurred medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

## COUNT X
### RETALIATION IN VIOLATION OF
### THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

78. Plaintiff re-alleges paragraphs 1 through 77 and incorporates them by reference as paragraphs 1 through 77 of Count X of this Complaint.

79. Defendants CITY OF NEW YORK, CITY OF NEW YORK OFFICE OF CHIEF MEDICAL EXAMINER, NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE, NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE OFFICE OF CHIEF MEDICAL EXAMINERS, ROBERT KEARNEY, SHEPERIO HAWKINS, ARTHUR AARONSON, under color of law, personally interfered with and deprived plaintiff of her pension and constitutional rights, including the rights: to enjoy freedom of speech, to petition her government for redress of her grievances, to be secure in her person, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law.

80. Defendants CITY OF NEW YORK, CITY OF NEW YORK OFFICE OF CHIEF MEDICAL EXAMINER, NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE, NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE OFFICE OF CHIEF MEDICAL EXAMINERS, ROBERT KEARNEY, SHEPERIO HAWKINS, ARTHUR AARONSON and THOMAS ORTIZ, acting individually and in their official capacities as public officials of defendant CITY, under color of law, and having been fully advised that plaintiff was being deprived of her constitutional rights, either acted in a concerted, malicious intentional pattern to further discriminate against plaintiff by engaging in retaliatory acts, or knowing such discrimination was taking place, knowingly omitted to act to protect plaintiff from continuing deprivations of her rights to enjoy freedom of speech, to petition her government for redress of her grievances, to be secure in her person, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law, all in violation of 42 U.S.C. § 1983.

81. As a result of the acts of the defendants' under color of law, plaintiff suffered emotional distress, monetary damage, loss of pension rights, and incurred medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

**COUNT XI**
**RACE DISCRIMINATION IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981**

82. Plaintiff re-alleges paragraphs 1 through 81 and incorporates them by reference as paragraphs 1 through 81 of Count XI of this Complaint.

83. That by the aforesaid discriminatory acts and omissions of Defendants CITY OF NEW YORK, CITY OF NEW YORK OFFICE OF CHIEF MEDICAL EXAMINER, NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE, NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE OFFICE OF CHIEF MEDICAL EXAMINERS, ROBERT KEARNEY, SHEPERIO HAWKINS, ARTHUR AARONSON and THOMAS ORTIZ, acting individually and in their official capacities as public officials of defendant CITY interfered with plaintiff's right to enforce contracts under the color of State Law.

84. That the purpose of Defendants CITY OF NEW YORK, CITY OF NEW YORK OFFICE OF CHIEF MEDICAL EXAMINER, NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE, NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE OFFICE OF CHIEF MEDICAL EXAMINERS, ROBERT KEARNEY, SHEPERIO HAWKINS, ARTHUR AARONSON and THOMAS ORTIZ, in so acting was to prevent plaintiff, through economic and psychological intimidation, from seeking the equal protection of the laws, and from enjoying the equal privileges and immunities of citizens under the Constitution and laws of the United States and the State of New York including but not limited to enjoy her right to freedom of speech, to petition her government for redress of her grievances, to enjoy privacy, and deprivation of life, liberty, and property without due process of law.

85. Pursuant to their conduct, the Defendants CITY OF NEW YORK, CITY OF NEW YORK OFFICE OF CHIEF MEDICAL EXAMINER, NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE, NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE OFFICE OF CHIEF

MEDICAL EXAMINERS, ROBERT KEARNEY, SHEPERIO HAWKINS, ARTHUR

AARONSON and THOMAS ORTIZ, acted to deprive the plaintiff of her civil rights, by

repeated and insidious acts of harassment, intimidation, bad faith and threat, all in

violation of 42 U.S.C. § 1981.

86. As a result of the aforesaid acts, depriving plaintiff of her civil rights, plaintiff suffered

mental anguish, emotional distress, loss of employment opportunities, and other

monetary damages.

## COUNT XII
### GENDER DISCRIMINATION IN VIOLATION OF
### THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981

87. Plaintiff re-alleges paragraphs 1 through 86 and incorporates them by reference as

paragraphs 1 through 86 of Count XII of this Complaint.

88. That by the aforesaid discriminatory acts and omissions of CITY OF NEW YORK, CITY

OF NEW YORK OFFICE OF CHIEF MEDICAL EXAMINER, NEW YORK CITY

DEPARTMENT OF HEALTH AND MENTAL HYGIENE, NEW YORK CITY

DEPARTMENT OF HEALTH AND MENTAL HYGIENE OFFICE OF CHIEF

MEDICAL EXAMINERS, ROBERT KEARNEY, SHEPERIO HAWKINS, ARTHUR

AARONSON and THOMAS ORTIZ, acting individually and in their official capacities as

public officials of defendant CITY interfered with plaintiff's right to enforce contracts

under the color of State Law.

89. That the purpose of Defendants CITY OF NEW YORK, CITY OF NEW YORK OFFICE

OF CHIEF MEDICAL EXAMINER, NEW YORK CITY DEPARTMENT OF HEALTH

AND MENTAL HYGIENE, NEW YORK CITY DEPARTMENT OF HEALTH AND

MENTAL HYGIENE OFFICE OF CHIEF MEDICAL EXAMINERS, ROBERT

KEARNEY, SHEPERIO HAWKINS, ARTHUR AARONSON and THOMAS ORTIZ, in so acting was to prevent plaintiff, through economic and psychological intimidation, from seeking the equal protection of the laws, and from enjoying the equal privileges and immunities of citizens under the Constitution and laws of the United States and the State of New York including but not limited to enjoy her right to freedom of speech, to petition her government for redress of her grievances, to enjoy privacy, and deprivation of life, liberty, and property without due process of law.

90. Pursuant to their conduct, the Defendants CITY OF NEW YORK, CITY OF NEW YORK OFFICE OF CHIEF MEDICAL EXAMINER, NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE, NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE OFFICE OF CHIEF MEDICAL EXAMINERS, ROBERT KEARNEY, SHEPERIO HAWKINS, ARTHUR AARONSON and THOMAS ORTIZ, acted to deprive the plaintiff of her civil rights, by repeated and insidious acts of harassment, intimidation, bad faith and threat, all in violation of 42 U.S.C. § 1981.

91. As a result of the aforesaid acts, depriving plaintiff of her civil rights, plaintiff suffered mental anguish, emotional distress, loss of employment opportunities, and other monetary damages.

**COUNT XIII**
**COLOR DISCRIMINATION IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981**

92. Plaintiff re-alleges paragraphs 1 through 91 and incorporates them by reference as paragraphs 1 through 91 of Count XIII of this Complaint.

93. That by the aforesaid discriminatory acts and omissions of Defendants CITY OF NEW YORK, CITY OF NEW YORK OFFICE OF CHIEF MEDICAL EXAMINER, NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE, NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE OFFICE OF CHIEF MEDICAL EXAMINERS, ROBERT KEARNEY, SHEPERIO HAWKINS, ARTHUR AARONSON and THOMAS ORTIZ, acting individually and in their official capacities as public officials of defendant CITY interfered with plaintiff's right to enforce contracts under the color of State Law.

94. That the purpose of Defendants CITY OF NEW YORK, CITY OF NEW YORK OFFICE OF CHIEF MEDICAL EXAMINER, NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE, NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE OFFICE OF CHIEF MEDICAL EXAMINERS, ROBERT KEARNEY, SHEPERIO HAWKINS, ARTHUR AARONSON and THOMAS ORTIZ, in so acting was to prevent plaintiff, through economic and psychological intimidation, from seeking the equal protection of the laws, and from enjoying the equal privileges and immunities of citizens under the Constitution and laws of the United States and the State of New York including but not limited to enjoy her right to freedom of speech, to petition her government for redress of her grievances, to enjoy privacy, and deprivation of life, liberty, and property without due process of law.

95. Pursuant to their conduct, the Defendants CITY OF NEW YORK, CITY OF NEW YORK OFFICE OF CHIEF MEDICAL EXAMINER, NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE, NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE OFFICE OF CHIEF

MEDICAL EXAMINERS, ROBERT KEARNEY, SHEPERIO HAWKINS, ARTHUR AARONSON and THOMAS ORTIZ, acted to deprive the plaintiff of her civil rights, by repeated and insidious acts of harassment, intimidation, bad faith and threat, all in violation of 42 U.S.C. § 1981.

96. As a result of the aforesaid acts, depriving plaintiff of her civil rights, plaintiff suffered mental anguish, emotional distress, loss of employment opportunities, and other monetary damages.

## COUNT XIV
### DISABILITY DISCRIMINATION IN VIOLATION OF THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981

97. Plaintiff re-alleges paragraphs 1 through 96 and incorporates them by reference as paragraphs 1 through 96 of Count XIV of this Complaint.

98. That by the aforesaid discriminatory acts and omissions of Defendants CITY OF NEW YORK, CITY OF NEW YORK OFFICE OF CHIEF MEDICAL EXAMINER, NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE, NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE OFFICE OF CHIEF MEDICAL EXAMINERS, ROBERT KEARNEY, SHEPERIO HAWKINS, ARTHUR AARONSON and THOMAS ORTIZ, acting individually and in their official capacities as public officials of defendant CITY interfered with plaintiff's right to enforce contracts under the color of State Law.

99. That the purpose of Defendants CITY OF NEW YORK, CITY OF NEW YORK OFFICE OF CHIEF MEDICAL EXAMINER, NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE, NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE OFFICE OF CHIEF MEDICAL EXAMINERS, ROBERT

KEARNEY, SHEPERIO HAWKINS, ARTHUR AARONSON and THOMAS ORTIZ, in so acting was to prevent plaintiff, through economic and psychological intimidation, from seeking the equal protection of the laws, and from enjoying the equal privileges and immunities of citizens under the Constitution and laws of the United States and the State of New York including but not limited to enjoy her right to freedom of speech, to petition her government for redress of her grievances, to enjoy privacy, and deprivation of life, liberty, and property without due process of law.

100.      Pursuant to their conduct, the Defendants CITY OF NEW YORK, CITY OF NEW YORK OFFICE OF CHIEF MEDICAL EXAMINER, NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE, NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE OFFICE OF CHIEF MEDICAL EXAMINERS, ROBERT KEARNEY, SHEPERIO HAWKINS, ARTHUR AARONSON and THOMAS ORTIZ, acted to deprive the plaintiff of her civil rights, by repeated and insidious acts of harassment, intimidation, bad faith and threat, all in violation of 42 U.S.C. § 1981.

101.      As a result of the aforesaid acts, depriving plaintiff of her civil rights, plaintiff suffered mental anguish, emotional distress, loss of employment opportunities, and other monetary damages.

<u>COUNT XV</u>
**RETALIATION IN VIOLATION OF
THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981**

102.      Plaintiff re-alleges paragraphs 1 through 101 and incorporates them by reference as paragraphs 1 through 101 of Count XV of this Complaint.

103.    Plaintiff alleges that Defendants CITY OF NEW YORK, CITY OF NEW YORK OFFICE OF CHIEF MEDICAL EXAMINER, NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE, NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE OFFICE OF CHIEF MEDICAL EXAMINERS, ROBERT KEARNEY, SHEPERIO HAWKINS, ARTHUR AARONSON and THOMAS ORTIZ, acting individually and in their official capacities as public officials of defendant CITY, engaged in various retaliatory actions against plaintiff as a result of her opposition to race, gender, color and disability discrimination.

104.    That the purpose of Defendants acting individually and in their official capacities as public officials of defendant CITY, in so acting was to prevent plaintiff, through economic and psychological intimidation, from seeking the equal protection of the laws, and from enjoying the equal privileges and immunities of citizens under the Constitution and laws of the United States and the State of New York.

105.    Pursuant to their conduct, the defendants acted to deprive the plaintiff of her civil rights, by repeated and insidious acts of harassment, intimidation, bad faith and threat, all in violation of 42 U.S.C. § 1981.

106.    As a result of the aforesaid acts, depriving plaintiff of her civil rights, plaintiff suffered mental anguish, emotional distress, loss of employment opportunities, and other monetary damages.

**COUNT XVI**
**RACE DISCRIMINATION IN VIOLATION OF**
**NEW YORK STATE EXECUTIVE LAW § 296**

107.    Plaintiff re-alleges paragraphs 1 through 106 and incorporates them by reference as paragraphs 1 through 106 of Count XVI of this Complaint.

108.    Plaintiff alleges that New York State Executive Law §296, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based upon race for having made charges of same.

109.    Plaintiff alleges that based upon the foregoing, defendants CITY OF NEW YORK, CITY OF NEW YORK OFFICE OF CHIEF MEDICAL EXAMINER, NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE, NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE OFFICE OF CHIEF MEDICAL EXAMINERS, ROBERT KEARNEY, SHEPERIO HAWKINS, ARTHUR AARONSON and THOMAS ORTIZ, discriminated against the Plaintiff based on her race for having made charges of same.

110.    Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of Defendants CITY OF NEW YORK, CITY OF NEW YORK OFFICE OF CHIEF MEDICAL EXAMINER, NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE, NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE OFFICE OF CHIEF MEDICAL EXAMINERS, ROBERT KEARNEY, SHEPERIO HAWKINS, ARTHUR AARONSON and THOMAS ORTIZ, plaintiff has suffered the indignity of race discrimination, and great humiliation.

111.    Plaintiff alleges that because of defendants CITY OF NEW YORK, CITY OF NEW YORK OFFICE OF CHIEF MEDICAL EXAMINER, NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE, NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE OFFICE OF CHIEF MEDICAL EXAMINERS, ROBERT KEARNEY, SHEPERIO HAWKINS, ARTHUR AARONSON and THOMAS ORTIZ's violations, Plaintiff has been damaged.

## COUNT XVII
## GENDER DISCRIMINATION IN VIOLATION OF
## NEW YORK STATE EXECUTIVE LAW § 296

112.     Plaintiff re-alleges paragraphs 1 through 111 and incorporates them by reference as

paragraphs 1 through 111 of Count XVII of this Complaint.

113.     Plaintiff alleges that New York State Executive Law §296, makes it unlawful to

discriminate against any individual in the terms, conditions, or privileges of employment

based upon gender for having made charges of same.

114.     Plaintiff alleges that based upon the foregoing, defendants CITY OF NEW

YORK, CITY OF NEW YORK OFFICE OF CHIEF MEDICAL EXAMINER, NEW

YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE, NEW YORK

CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE OFFICE OF CHIEF

MEDICAL EXAMINERS, ROBERT KEARNEY, SHEPERIO HAWKINS, ARTHUR

AARONSON and THOMAS ORTIZ, discriminated against the Plaintiff based on her

gender for having made charges of same.

115.     Plaintiff alleges that as a direct and proximate result of the unlawful employment

practices of Defendants CITY OF NEW YORK, CITY OF NEW YORK OFFICE OF

CHIEF MEDICAL EXAMINER, NEW YORK CITY DEPARTMENT OF HEALTH

AND MENTAL HYGIENE, NEW YORK CITY DEPARTMENT OF HEALTH AND

MENTAL HYGIENE OFFICE OF CHIEF MEDICAL EXAMINERS, ROBERT

KEARNEY, SHEPERIO HAWKINS, ARTHUR AARONSON and THOMAS ORTIZ,

plaintiff has suffered the indignity of gender discrimination, and great humiliation.

Plaintiff alleges that because of defendants CITY OF NEW YORK, CITY OF NEW

YORK OFFICE OF CHIEF MEDICAL EXAMINER, NEW YORK CITY

DEPARTMENT OF HEALTH AND MENTAL HYGIENE, NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE OFFICE OF CHIEF MEDICAL EXAMINERS, ROBERT KEARNEY, SHEPERIO HAWKINS, ARTHUR AARONSON and THOMAS ORTIZ's violations, Plaintiff has been damaged.

## COUNT XVIII
## COLOR DISCRIMINATION IN VIOLATION OF
## NEW YORK STATE EXECUTIVE LAW § 296

116.     Plaintiff re-alleges paragraphs 1 through 115 and incorporates them by reference as paragraphs 1 through 115 of Count XVIII of this Complaint.

117.     Plaintiff alleges that New York State Executive Law §296, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based upon color for having made charges of same.

118.     Plaintiff alleges that based upon the foregoing, defendants CITY OF NEW YORK, CITY OF NEW YORK OFFICE OF CHIEF MEDICAL EXAMINER, NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE, NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE OFFICE OF CHIEF MEDICAL EXAMINERS, ROBERT KEARNEY, SHEPERIO HAWKINS, ARTHUR AARONSON and THOMAS ORTIZ, discriminated against the Plaintiff based on her color for having made charges of same.

119.     Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of Defendants CITY OF NEW YORK, CITY OF NEW YORK OFFICE OF CHIEF MEDICAL EXAMINER, NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE, NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE OFFICE OF CHIEF MEDICAL EXAMINERS, ROBERT

KEARNEY, SHEPERIO HAWKINS, ARTHUR AARONSON and THOMAS ORTIZ, plaintiff has suffered the indignity of color discrimination, and great humiliation.

120.    Plaintiff alleges that because of defendants CITY OF NEW YORK, CITY OF NEW YORK OFFICE OF CHIEF MEDICAL EXAMINER, NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE, NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE OFFICE OF CHIEF MEDICAL EXAMINERS, ROBERT KEARNEY, SHEPERIO HAWKINS, ARTHUR AARONSON and THOMAS ORTIZ's violations, Plaintiff has been damaged.

## COUNT XIX
### DISABILITY DISCRIMINATION IN VIOLATION OF
### NEW YORK STATE EXECUTIVE LAW § 296

121.    Plaintiff re-alleges paragraphs 1 through 120 and incorporates them by reference as paragraphs 1 through 120 of Count XIX of this Complaint.

122.    Plaintiff alleges that New York State Executive Law §296, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based upon disability for having made charges of same.

123.    Plaintiff alleges that based upon the foregoing, defendants CITY OF NEW YORK, CITY OF NEW YORK OFFICE OF CHIEF MEDICAL EXAMINER, NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE, NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE OFFICE OF CHIEF MEDICAL EXAMINERS, ROBERT KEARNEY, SHEPERIO HAWKINS, ARTHUR AARONSON and THOMAS ORTIZ, discriminated against the Plaintiff based on her disability for having made charges of same.

124.    Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of Defendants CITY OF NEW YORK, CITY OF NEW YORK OFFICE OF CHIEF MEDICAL EXAMINER, NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE, NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE OFFICE OF CHIEF MEDICAL EXAMINERS, ROBERT KEARNEY, SHEPERIO HAWKINS, ARTHUR AARONSON and THOMAS ORTIZ, plaintiff has suffered the indignity of disability discrimination, and great humiliation.

125.    Plaintiff alleges that because of defendants CITY OF NEW YORK, CITY OF NEW YORK OFFICE OF CHIEF MEDICAL EXAMINER, NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE, NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE OFFICE OF CHIEF MEDICAL EXAMINERS, ROBERT KEARNEY, SHEPERIO HAWKINS, ARTHUR AARONSON and THOMAS ORTIZ's violations, Plaintiff has been damaged.

## COUNT XX
### RETALIATION IN VIOLATION OF
### NEW YORK STATE EXECUTIVE LAW § 296

126.    Plaintiff re-alleges paragraphs 1 through 125 and incorporates them by reference as paragraphs 1 through 125 of Count XX of this Complaint.

127.    Plaintiff alleges that New York State Executive Law §296, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based upon race, gender, color and disability and makes it illegal to retaliate for charging same.

128.    Plaintiff alleges that based upon the foregoing, defendants CITY OF NEW YORK, CITY OF NEW YORK OFFICE OF CHIEF MEDICAL EXAMINER, NEW

YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE, NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE OFFICE OF CHIEF MEDICAL EXAMINERS, ROBERT KEARNEY, SHEPERIO HAWKINS, ARTHUR AARONSON and THOMAS ORTIZ discriminated against the Plaintiff based on race, gender, color and disability and in retaliation for charging same.

129.    Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of Defendants CITY OF NEW YORK, CITY OF NEW YORK OFFICE OF CHIEF MEDICAL EXAMINER, NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE, NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE OFFICE OF CHIEF MEDICAL EXAMINERS, ROBERT KEARNEY, SHEPERIO HAWKINS, ARTHUR AARONSON and THOMAS ORTIZ, plaintiff has suffered the indignity of retaliation and great humiliation.

130.    Plaintiff alleges that because of defendants CITY OF NEW YORK, CITY OF NEW YORK OFFICE OF CHIEF MEDICAL EXAMINER NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE, NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE OFFICE OF CHIEF MEDICAL EXAMINERS, ROBERT KEARNEY, SHEPERIO HAWKINS, ARTHUR AARONSON and THOMAS ORTIZ's violations, Plaintiff has been damaged.

## COUNT XXI
### RACE DISCRIMINATION IN VIOLATION OF
### NEW YORK CITY ADMINISTRATIVE CODE § 8-107

131.    Plaintiff re-alleges paragraphs 1 through 130 and incorporates them by reference as paragraphs 1 through 130 of Count XXI of this Complaint.

132.     Plaintiff alleges that New York City Administrative Code §8-107, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based upon race and makes it illegal to retaliate for charging same.

133.     Plaintiff alleges that based upon the foregoing, defendants CITY OF NEW YORK, CITY OF NEW YORK OFFICE OF CHIEF MEDICAL EXAMINER, NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE, NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE OFFICE OF CHIEF MEDICAL EXAMINERS, ROBERT KEARNEY, SHEPERIO HAWKINS, ARTHUR AARONSON and THOMAS ORTIZ discriminated against the Plaintiff based upon her race and in retaliation for charging same.

134.     Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of Defendants CITY OF NEW YORK, CITY OF NEW YORK OFFICE OF CHIEF MEDICAL EXAMINER, NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE, NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE OFFICE OF CHIEF MEDICAL EXAMINERS, ROBERT KEARNEY, SHEPERIO HAWKINS, ARTHUR AARONSON and THOMAS ORTIZ, Plaintiff has suffered the indignity of race discrimination, retaliation and great humiliation.

135.     Plaintiff alleges that because of defendants CITY OF NEW YORK, CITY OF NEW YORK OFFICE OF CHIEF MEDICAL EXAMINER, NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE, NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE OFFICE OF CHIEF MEDICAL EXAMINERS, ROBERT KEARNEY, SHEPERIO HAWKINS, ARTHUR AARONSON and THOMAS ORTIZ's violations, Plaintiff has been damaged.

## COUNT XXII
### GENDER DISCRIMINATION IN VIOLATION OF
### NEW YORK CITY ADMINISTRATIVE CODE § 8-107

136.     Plaintiff re-alleges paragraphs 1 through 135 and incorporates them by reference as paragraphs 1 through 135 of Count XXII of this Complaint.

137.     Plaintiff alleges that New York City Administrative Code §8-107, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based upon gender and makes it illegal to retaliate for charging same.

138.     Plaintiff alleges that based upon the foregoing, defendants CITY OF NEW YORK, CITY OF NEW YORK OFFICE OF CHIEF MEDICAL EXAMINER, NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE, NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE OFFICE OF CHIEF MEDICAL EXAMINERS, ROBERT KEARNEY, SHEPERIO HAWKINS, ARTHUR AARONSON and THOMAS ORTIZ discriminated against the Plaintiff based upon her gender and in retaliation for charging same.

139.     Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of Defendants CITY OF NEW YORK, CITY OF NEW YORK OFFICE OF CHIEF MEDICAL EXAMINER, NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE, NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE OFFICE OF CHIEF MEDICAL EXAMINERS, ROBERT KEARNEY, SHEPERIO HAWKINS, ARTHUR AARONSON and THOMAS ORTIZ, Plaintiff has suffered the indignity of gender discrimination, retaliation and great humiliation.

140.     Plaintiff alleges that because of defendants CITY OF NEW YORK, CITY OF NEW YORK OFFICE OF CHIEF MEDICAL EXAMINER, NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE, NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE OFFICE OF CHIEF MEDICAL EXAMINERS, ROBERT KEARNEY, SHEPERIO HAWKINS, ARTHUR AARONSON and THOMAS ORTIZ's violations, Plaintiff has been damaged.

### COUNT XXIII
### COLOR DISCRIMINATION IN VIOLATION OF
### NEW YORK CITY ADMINISTRATIVE CODE § 8-107

141.     Plaintiff re-alleges paragraphs 1 through 140 and incorporates them by reference as paragraphs 1 through 140 of Count XXIII of this Complaint.

142.     Plaintiff alleges that New York City Administrative Code §8-107, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based upon color and makes it illegal to retaliate for charging same.

143.     Plaintiff alleges that based upon the foregoing, defendants CITY OF NEW YORK, CITY OF NEW YORK OFFICE OF CHIEF MEDICAL EXAMINER, NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE, NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE OFFICE OF CHIEF MEDICAL EXAMINERS, ROBERT KEARNEY, SHEPERIO HAWKINS, ARTHUR AARONSON and THOMAS ORTIZ discriminated against the Plaintiff based upon her color and in retaliation for charging same.

144.     Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of Defendants CITY OF NEW YORK, CITY OF NEW YORK OFFICE OF CHIEF MEDICAL EXAMINER, NEW YORK CITY DEPARTMENT OF HEALTH

AND MENTAL HYGIENE, NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE OFFICE OF CHIEF MEDICAL EXAMINERS, ROBERT KEARNEY, SHEPERIO HAWKINS, ARTHUR AARONSON and THOMAS ORTIZ, Plaintiff has suffered the indignity of color discrimination, retaliation and great humiliation.

145.     Plaintiff alleges that because of defendants CITY OF NEW YORK, CITY OF NEW YORK OFFICE OF CHIEF MEDICAL EXAMINER, NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE, NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE OFFICE OF CHIEF MEDICAL EXAMINERS, ROBERT KEARNEY, SHEPERIO HAWKINS, ARTHUR AARONSON and THOMAS ORTIZ's violations, Plaintiff has been damaged.

### COUNT XXIV
### DISABILITY DISCRIMINATION IN VIOLATION OF
### NEW YORK CITY ADMINISTRATIVE CODE § 8-107

146.     Plaintiff re-alleges paragraphs 1 through 145 and incorporates them by reference as paragraphs 1 through 145 of Count XXIV of this Complaint.

147.     Plaintiff alleges that New York City Administrative Code §8-107, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based upon disability and makes it illegal to retaliate for charging same.

148.     Plaintiff alleges that based upon the foregoing, defendants CITY OF NEW YORK, CITY OF NEW YORK OFFICE OF CHIEF MEDICAL EXAMINER, NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE, NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE OFFICE OF CHIEF MEDICAL EXAMINERS, ROBERT KEARNEY, SHEPERIO HAWKINS, ARTHUR

AARONSON and THOMAS ORTIZ discriminated against the Plaintiff based upon her disability and in retaliation for charging same.

149.     Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of Defendants CITY OF NEW YORK, CITY OF NEW YORK OFFICE OF CHIEF MEDICAL EXAMINER, NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE, NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE OFFICE OF CHIEF MEDICAL EXAMINERS, ROBERT KEARNEY, SHEPERIO HAWKINS, ARTHUR AARONSON and THOMAS ORTIZ, Plaintiff has suffered the indignity of disability discrimination, retaliation and great humiliation.

150.     Plaintiff alleges that because of defendants CITY OF NEW YORK, CITY OF NEW YORK OFFICE OF CHIEF MEDICAL EXAMINER, NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE, NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE OFFICE OF CHIEF MEDICAL EXAMINERS, ROBERT KEARNEY, SHEPERIO HAWKINS, ARTHUR AARONSON and THOMAS ORTIZ's violations, Plaintiff has been damaged.

## COUNT XXV
### RETALIATION IN VIOLATION OF
### NEW YORK CITY ADMINISTRATIVE CODE §8-107

151.     Plaintiff re-alleges paragraphs 1 through 150 and incorporates them by reference as paragraphs 1 through 150 of Count XXV of this Complaint.

152.     Plaintiff alleges that New York City Administrative Code §8-107, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of

employment based upon race, gender, color and disability and makes it illegal to retaliate for charging same.

153.     Plaintiff alleges that based upon the foregoing, defendants CITY OF NEW YORK, CITY OF NEW YORK OFFICE OF CHIEF MEDICAL EXAMINER, NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE, NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE OFFICE OF CHIEF MEDICAL EXAMINERS, ROBERT KEARNEY, SHEPERIO HAWKINS, ARTHUR AARONSON and THOMAS ORTIZ discriminated against the Plaintiff based upon her race, gender, color and disability and in retaliation for charging same.

154.     Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of Defendants CITY OF NEW YORK, CITY OF NEW YORK OFFICE OF CHIEF MEDICAL EXAMINER, NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE, NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE OFFICE OF CHIEF MEDICAL EXAMINERS, ROBERT KEARNEY, SHEPERIO HAWKINS, ARTHUR AARONSON and THOMAS ORTIZ, Plaintiff has suffered the indignity of race, gender, color and disability discrimination, retaliation and great humiliation.

155.     Plaintiff alleges that because of defendants CITY OF NEW YORK, CITY OF NEW YORK OFFICE OF CHIEF MEDICAL EXAMINER, NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE, NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE OFFICE OF CHIEF MEDICAL EXAMINERS, ROBERT KEARNEY, SHEPERIO HAWKINS, , ARTHUR AARONSON and THOMAS ORTIZ's violations, Plaintiff has been damaged.

## JURY TRIAL

156.     Plaintiff demands a trial by jury of all issues in this action that are so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands compensatory and punitive damages from these Defendants jointly and severally, in an amount to be determined at trial, plus any available statutory remedies, both legal and equitable, and interests and costs.

Dated: July 23, 2013
        Lake Success, New York

Yours, etc.,

**CRONIN & BYCZEK, LLP**
*Attorneys for Plaintiff*

BY:  _____
        Moshe C. Bobker, Esq.
        1983 Marcus Avenue, Suite C-120
        Lake Success, New York 11042
        (516) 358-1700

EEOC Form 161 (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To: **Tiana Lasalle**
    **7g Ethan Allen Ct**
    **Ridge, NY 11961**

From: **New York District Office**
      **33 Whitehall Street**
      **5th Floor**
      **New York, NY 10004**

| | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) |
|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **16F-2012-00190** | **Holly M. Woodyard,** Investigator | **(212) 336-3643** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[X] Other (briefly state)   **Charging Party wishes to pursue matter in Federal District Court.**

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_(signature)_

**Kevin J. Berry,**
**District Director**

April 23, 2013
(Date Mailed)

Enclosures(s)

cc:

**NYC OFFICE OF CHIEF MEDICAL EXAMINER**
**Attn: Director of Human Resources**
**520 First Avenue**
**New York, NY 10016**

**Arthur Z. Schwartz, Esq.**
**Advocates for Justice, Chartered Attorneys**
**225 Broadway, Suite 1902**
**New York, NY 10007**

**Leslie C. Kamelhar, Esq.**
**421 East 26th Street, Room 1316-D**
**New York, NY 10016**

FILE COPY

*Index No.* ⬩ *Year 20*

UNITED STATES DISTRIT COURT
SOUTHERN DISTRICT OF NEW YORK

TIANA LASALLE

Plaintiffs,

-against-

THE CITY OF NEW YORK, et al.,

Defendants.

## SUMMONS AND COMPLAINT

### CRONIN & BYCZEK, LLP
ATTORNEYS AT LAW

*Attorneys for*

1983 MARCUS AVENUE
SUITE C120
LAKE SUCCESS, NY 11042
(516) 358-1700

*Pursuant to 22 NYCRR 130-1.1-a, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, (1) the contentions contained in the annexed document are not frivolous and that (2) if the annexed document is an initiating pleading, (i) the matter was not obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are not participating in the matter or sharing in any fee earned therefrom and that (ii) if the matter involves potential claims for personal injury or wrongful death, the matter was not obtained in violation of 22 NYCRR 1200.41-a.*

*Dated:* ........................................    Signature .............................................................

Print Signer's Name...........................................................

*Service of a copy of the within*                                  *is hereby admitted.*

*Dated:*

*Attorney(s) for*

### PLEASE TAKE NOTICE

☐ *that the within is a (certified) true copy of a*
NOTICE OF   *entered in the office of the clerk of the within-named Court on*                    *20*
ENTRY

☐ *that an Order of which the within is a true copy will be presented for settlement to the*
NOTICE OF   *Hon.*                                    *, one of the judges of the within-named Court,*
SETTLEMENT   *at*
*on*                         *20*     *, at*              *M.*

*Dated:*

### CRONIN & BYCZEK, LLP
ATTORNEYS AT LAW

*Attorneys for*

1983 MARCUS AVENUE
SUITE C120
LAKE SUCCESS, NY 11042
(516) 358-1700

*To:*